UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MACEO GANT,

    Petitioner,                                            Civil Action No. 16-CV-12893

v.                                                   HON. BERNARD A. FRIEDMAN

THOMAS WINN,

    Respondent.
_____/

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS, A CERTIFICATE OF APPEALABILITY, AND PERMISSION TO APPEAL IN FORMA PAUPERIS

Michigan prisoner Maceo Gant has filed this habeas petition under 28 U.S.C. § 2254 [docket entry 1]. Petitioner was convicted after he pled no contest in the Kent Circuit Court to one count of first-degree criminal sexual conduct, Mich. Comp. Laws § 750.520b, and one count of second-degree criminal conduct. Mich. Comp. Laws § 750.520c. Petitioner was sentenced to life imprisonment for the first-degree conviction and nine and a half to fifteen years for the second-degree conviction. The petition raises two claims: petitioner's trial counsel was ineffective for failing to (1) challenge the charges or seek a lesser sentence based petitioner's mental illness, and (2) raise claim (1) on direct appeal.

### I.    BACKGROUND

Petitioner allegedly sexually molested his young step-daughter over a period of years. This came to light when the victim's mother discovered petitioner engaging in a sex act with the victim. Petitioner was initially charged with three counts of first-degree criminal sexual conduct, one count of second-degree criminal sexual conduct, and being a fourth-time habitual felony offender.

At a plea hearing held in August 2012, the prosecutor put the terms of the plea bargain on the record. In exchange for petitioner entering a guilty plea to one count of first-degree criminal sexual conduct and one count of second-degree criminal sexual conduct, the prosecutor agreed to dismiss the two other counts of first-degree criminal sexual conduct and the fourth-time habitual felony offender charge, and to recommend a minimum sentence within the calculated sentencing guideline range of 225 months to 375 months or life imprisonment. Petitioner testified under oath that he understood the first-degree charge and that it carried a maximum penalty of life imprisonment. He also acknowledged the second-degree charge and that it carried a maximum sentence of 15 years.

Petitioner was then informed of, and agreed to waive, each of his trial rights. Petitioner indicated that he read and understood the waiver of rights form that he signed. The court further advised petitioner that by accepting the plea agreement, he waived any future claim of having been forced to plea. Petitioner indicated that he understood. Petitioner and defense counsel acknowledged that the plea agreement had been correctly stated by the prosecutor.

Petitioner denied that anyone had promised him anything in addition to the terms of the agreement. Petitioner stated his desire to plead no contest to the two charges, denied that anybody had threatened him in any way to cause him to enter his plea, and confirmed that entering his no contest plea was his choice alone.

Defense counsel referred to the police report for a factual basis for the plea. He stated that between October 2004 and April 2012, petitioner engaged in criminal sexual penetration with a child who was under 13 years of age. Petitioner was the victim's step-father. The trial court accepted Petitioner's plea and understanding, voluntary, and accurate. Both attorneys stated that they were not aware of any promises, threats, or inducements other than

2

what was placed on the record. Defense counsel stated: "I did advise my client of our discussions at sidebar and the plea negotiations with regards to this case. He's been fully aware – he's been made fully aware of the plea negotiations that have been placed on the record and my efforts with those."

At the subsequent sentencing hearing, the victim's therapist read a letter from the victim into the record. The victim stated that petitioner began sexually molesting her at age five. She stated, "It was painful, and I was really scared. I tried to tell him 'no.' I tried to make him stop, but I couldn't. If I told him to stop, he kept doing it anyway." Rule 5 Materials Exhibit 3 p. 7. She explained how she became suicidal, and the abuse only stopped when her mother discovered petitioner molesting her.

Petitioner's counsel stated that petitioner wished to withdraw his plea because he understood that he would be pleading to a count of third-degree criminal sexual conduct and fourth-degree criminal sexual conduct. Counsel then indicated that he had informed petitioner that if his plea was withdrawn, he would face trial on the original charges. Counsel asked petitioner how he wished to proceed, and petitioner indicated that he wished to go forward with sentencing. Petitioner indicated that he read the presentencing report, and that its contents were accurate, but declined to make any allocution. The trial court then sentenced petitioner under the terms of the plea agreement.

Petitioner obtained appellate counsel who filed a motion for resentencing and for an evidentiary hearing. Counsel raised a number of sentencing guideline claims. To resolve one of petitioner's challenges, the court accepted testimony from the victim's mother as to injuries suffered by the victim; she testified:

> He had threatened her, threatened to kill her. Told her that he
> would kill her brother and sister. Told her he would kill me. He

> would injure, you know, anyone real bad, you know, close, that she
> loved if she tells anyone. Told her that I wasn't gonna love her
> anymore, I was gonna give her away. He told her a whole lot of
> horrible things, what prevented her from tellin' me.

*Id.* at Exhibit 4 p. 19. The court rejected each of petitioner's sentencing guideline challenges, and denied his motion for resentencing.

Petitioner then filed an application for leave to appeal in the Michigan Court of Appeals, which raised the following claims:

> I. The trial court erred in the scoring of certain offense variables.
>
> II. The trial court erred by conducting an evidentiary hearing without Gant's presence.

The Michigan Court of Appeals denied the application for leave to appeal "for lack of merit in the grounds presented." *People v. Gant*, No. 316738 (Mich. Ct. App. Oct. 25, 2013). Petitioner subsequently filed an application for leave to appeal in the Michigan Supreme Court, raising the same claims. The Michigan Supreme Court denied the application because it was not persuaded that the questions presented should be reviewed by the Court. *People v. Gant*, 846 N.W.2d 400 (Mich. 2014) (table decision).

Petitioner returned to the trial court and filed a motion for relief from judgment, raising the two claims that now form his habeas claims. The trial court denied the motion for relief from judgment for petitioner's failure to demonstrate "good cause" and "actual prejudice" for failing to raise the claims on direct appeal, and because the claims lacked merit.

Petitioner then filed an application for leave to appeal in the Michigan Court of Appeals. The Michigan Court of Appeals denied the delayed application for leave to appeal for failure to establish relief under Michigan Court Rule 6.508(D)(3)(a)&(b). *People v. Gant*, No. 328315 (Mich. Ct. App. Sept. 29, 2015). Petitioner applied for leave to appeal this decision in

the Michigan Supreme Court but was denied relief under Michigan Court Rule 6.508(D). *People v. Gant*, 882 N.W.2d 143 (Mich. 2016) (table decision).

## II. STANDARD OF REVIEW

Petitioner's claims are reviewed using the standards established by the Antiterrorism and Effective Death Penalty Act ("AEDPA"). AEDPA provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d).

> A state court's decision is "contrary to" . . . clearly established law if it "applies a rule that contradicts the governing law set forth in [United States Supreme Court cases]" or if it "confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [Supreme Court] precedent."

*Mitchell v. Esparza*, 540 U.S. 12, 15–16 (2003) (per curiam) (quoting *Williams v. Taylor*, 529 U.S. 362, 405–06 (2000).

"[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413).

However, "[i]n order for a federal court find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. . . . The state court's application must have been 'objectively unreasonable.'" *Id.* at 520–21 (quoting *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003)). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

"[W]hile the principles of 'clearly established law' are to be determined solely by resort to Supreme Court rulings, the decisions of lower federal courts may be instructive in assessing the reasonableness of a state court's resolution of an issue." *Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007). Finally, a federal habeas court must presume the correctness of state court factual determinations, *see* 28 U.S.C. § 2254(e)(1), and a petitioner may rebut this presumption only with clear and convincing evidence. *Warren v. Smith*, 161 F.3d 358, 360–61 (6th Cir. 1998). Put differently, only factual determinations that are "objectively unreasonable in light of the evidence presented in the state-court proceeding" will be overturned. *McKinney v. Ludwick*, 649 F.3d 484, 488 (6th Cir. 2011) (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

### III. ANALYSIS

Petitioner claims that he was denied the effective assistance of counsel in the trial court and on appeal. Petitioner asserts that he informed his trial attorney that he had a long history of mental health problems and had been hospitalized in a psychiatric ward. He asserts that he was diagnosed with Post-Traumatic Stress Disorder and Schizoaffective Disorder. Petitioner indicates that his symptoms included auditory hallucinations telling him to hurt

someone. Records indicate hospitalizations for suicide attempts in 2008 and 2011. The record from the mental health provider dated May 13, 2011, indicates, however, "his mood was bright and his manner of relating was appropriate. Maceo did not report symptoms of his illness at this time. Records show he experiences mild depression and anxiety which he is able to manage." Rule 5 Materials Exhibit 7 p. 41. Nevertheless, petitioner asserts that his mental illness should have been used as a defense to the charges or at least as a mitigating factor at sentencing.

Respondent asserts that petitioner's ineffective assistance of trial counsel claim is procedurally defaulted. Under the procedural default doctrine, a federal habeas court will not review a question of federal law if a state court's decision is adequate to support the judgment and rests on a procedural state law ground independent of the federal question. *See Coleman v. Thompson*, 501 U.S. 722, 729 (1991). However, procedural default is not a jurisdictional bar to review of a habeas petition on the merits. *See Trest v. Cain*, 522 U.S. 87, 89 (1997). Additionally, "federal courts are not required to address a procedural-default issue before deciding against the petitioner on the merits." *Hudson v. Jones*, 351 F. 3d 212, 215 (6th Cir. 2003). It may be more economical for the habeas court to simply review the merits of the petitioner's claims, "for example, if it were easily resolvable against the habeas petitioner, whereas the procedural-bar issue involved complicated issues of state law." *Lambrix*, 520 U.S. at 525. In the present case, the Court deems it more efficient to proceed directly to the merits because petitioner alleges that his appellate counsel was ineffective for failing to raise the defaulted claim on direct review.

To establish ineffective assistance of counsel, a defendant must show both that counsel's performance was deficient, i.e., "that counsel's representation fell below an objective standard of reasonableness," and that the deficient performance resulted in prejudice to the

defense. *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984). "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id*. at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)). The test for prejudice is whether "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694.

In the context of guilty pleas, petitioner must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 58–59 (1985). Furthermore, petitioner must show that, but for counsel's errors, he would not have pleaded guilty, because there would have been at least a reasonable chance he would have been acquitted at trial. *Id*. at 58–60. If examination of the totality of the circumstances shows that the petitioner would in all likelihood have been convicted of the same, or greater, charges after a trial, he cannot show that the advice to plead guilty prejudiced him. *Id*.

The trial court considered and rejected petitioner's ineffective assistance of trial counsel claim on the merits:

> Considering first the claim that trial counsel was ineffective due to her failure to investigate defendant's mental health history and explore potential defenses, defendant does not claim, and the record would not support, that he was mentally incapable of understanding the charges or that he was unable to assist his lawyer in a reasonable and rational manner. The transcripts from the plea and sentencing hearings document that defendant was able to cogently respond to questions from the bench. Defendant first argues that information in the Pine Rest Discharge Summary appended to this motion could have been used as part of his defense because from this summary it was "clear that he did not pose a risk to the community, and specifically, that he posed no

risk for sexual activity or victimization." [Brief, p 9]. Assuming for the sake of argument only that defendant is entitled to raise ineffective assistance arguments related to the issue of factual guilt, this is not a case where there is any uncertainty regarding whether sexual activity occurred or the identity of the perpetrator. This case involved the systematic sexual penetration of a stepdaughter under the age of 13 beginning in October of 2004 through April of 2012; thus, trial counsel's decision not to investigate whether mental health treatment in 2011 might impact the defense was not unreasonable and did not affect the outcome of the case. Defendant's second argument, that the failure to investigate deprived defendant of "potential facts in mitigation during the sentencing phase," fails to recognize that in this case the plea agreement specified the particular range to be used: 225-375 months or life which is the range for level F-V for class A crimes. In light of the compelling statements made by the mother and the victim's representative at sentencing, evidence of past mental health issues would not have changed the sentence imposed. This ineffective assistance of counsel claim is meritless.

Turning next to defendant's claim that his trial counsel failed to properly inform him of the charges to which he was pleading and the probable sentence, careful review of the August 6, 2012 plea hearing transcript clearly demonstrates that after the prosecutor stated the terms of the plea agreement including the recommended guideline range, the Court not only articulated each charge and the maximum possible penalty, but also specifically asked defendant if he understood that if his pleas were accepted, he would "be giving up any claim that the pleas were the result of promises or threats that were not disclosed at this proceeding." Defendant responded affirmatively. [Plea Tr, p 6]. In light of defendant's expressed understanding of the plea agreement and charges, defendant is unable to establish that he would not have entered the pleas based on the information provided by his trial counsel. Thus, this ineffective assistance of counsel claim cannot succeed.

Finally, defendant claims that his trial attorney inappropriately filed a sentencing memorandum which contained admissions and inflammatory remarks without his knowledge or consent "that could only be construed as and [sic] effort to have Defendant sentenced to a life term." The memo in question contained a fervent plea that this Court consider a plea agreement offered in another Kent County Circuit Court case with similar charges and sentence defendant accordingly. This memorandum was discussed at sentencing and trial counsel stated that a copy had

> been sent to her client. Although present, defendant did not object to the contents of the memorandum; did not deny that he had received his copy; and did not object when counsel argued that based on differences between the cases, defendant was more worthy of the lower sentence offered to the other individual. Although persuasively argued, this Court concluded that the statement of the victim's mother, who caught defendant raping her daughter, and the victim's representative, who described how the defendant systematically abused and threatened her over a period of years, described a horrific pattern of conduct that warranted the maximum sentence. Defendant has failed to demonstrate that, but for an error of counsel, the sentence imposed would have been different or that the sentence imposed was fundamentally unfair.

Rule 5 Materials Exhibit 8 pp. 3–4.

The trial court reasonably rejected petitioner's claim on the grounds that he was not prejudiced by any of his counsel's allegedly deficient actions. Petitioner did not present the state courts, nor has he presented this Court, with any convincing evidence that his counsel had a viable defense to the charges based on his mental illness. Petitioner's discharge summary from a mental health provider falls far short of showing that there was a reasonable probability he could have succeeded at trial based on an insanity defense. *See, e.g.*, *Sneed v. Johnson*, 600 F. 3d 607, 611 (6th Cir. 2010). Because petitioner fails to show that he has an expert who would testify that he was legally insane at the time of the offenses, counsel's failure to raise an insanity defense was not prejudicial to petitioner. *See Abdur'Rahman v. Bell*, 226 F.3d 696, 715 (6th Cir. 2000).

Indeed, the crux of the report provided by petitioner indicates that though he suffered from mental illnesses during some of the time he was abusing the victim, he was otherwise functioning fairly well and conforming his actions to the requirements of the law. The charges against petitioner involved allegations that he sexually assaulted his young step-daughter over a period of many years, and the victim's mother caught petitioner in the act.

Nothing suggests that he had a viable insanity defense that would have covered the multiple years of sexual abuse. The portion of the report that indicates petitioner claimed hearing voices telling him to hurt someone also indicates that petitioner "does not act on the voices and he utilizes coping skills that involve thinking about his children and wanting to be a positive role model for them." Rule 5 Materials Exhibit 7 p. 40.

As far as the failure to present a more compelling case for leniency at sentencing, the state court flatly rejected the claim, stating that the sentence would have been the same even if it had been presented with evidence of petitioner's mental health issues. This Court will not second guess the decision of the state court that fully and fairly reviewed the sentencing information report, heard the allocution of the victim's representative and mother, and considered the materials that petitioner claims were omitted at sentencing. The state court reviewed this claim in light of all the evidence presented, and its conclusion that petitioner's sentence would have been unaffected by the new materials is not objectively unreasonable.

In any event, petitioner has completely failed to demonstrate that, in light of the overwhelming evidence against him, his counsel's strategy of trying to secure the best possible plea deal constituted deficient performance. "It should go without saying that the absence of evidence cannot overcome the 'strong presumption that counsel's conduct [fell] within the wide range of reasonable professional assistance.'" *Burt v. Titlow*, 134 S. Ct. 10, 17 (2013) (quoting *Strickland*, 466 U.S. at 689).

Petitioner's ineffective assistance of appellate counsel claim fails with his claim regarding his trial counsel. It is not ineffective assistance for appellate counsel to decide not to raise meritless claims. *See Moore v. Mitchell*, 708 F.3d 760, 776 (6th Cir. 2013) ("[A] petitioner cannot show that appellate counsel was ineffective for failing to raise a claim on appeal if the

underlying claim itself lacks merit."). Petitioner was not denied the effective assistance of appellate counsel because his proposed claim is without merit.

In sum, petitioner fails to demonstrate that the state court adjudication of his claim was contrary to, or resulted in an unreasonable application of, clearly established federal law. Accordingly,

IT IS ORDERED that the petition for a writ of habeas corpus is denied and dismissed.

IT IS FURTHER ORDERED that a certificate of appealability is denied because petitioner has failed to make a substantial showing of the denial of a federal constitutional right, and leave to appeal *in forma pauperis* is denied because the appeal would be frivolous. *See Dell v. Straub,* 194 F. Supp. 2d 629, 659 (E.D. Mich. 2002).

                                        s/Bernard A. Friedman
                                        BERNARD A. FRIEDMAN
                                        SENIOR UNITED STATES DISTRICT JUDGE

Dated: April 28, 2017
        Detroit, Michigan

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 28, 2017.

                                        s/Johnetta M. Curry-Williams
                                        Acting in the Absence of Carol Mullins
                                        Case Manager